Heard November Term, 1878.

CASE No. 694.

D. P. DUNCAN v. SAMUEL BARNETT.

1. The legislature can exempt from levy and sale only such articles of personal property as are embraced within the enumeration contained in Article II., Section 32, of the constitution. A more extended exemption is unconstitutional and void.
2. A question suggested in *Homestead B. & L. Association* v. *Enslow,* 7 *S. C.* 1, explained.

Before Northrop, J., at Union, June Term, 1876.

The sheriff of Union county, in November, 1875, levied the execution in this case upon two bales of cotton and some seed cotton and corn, of value more than sufficient to satisfy the execution, as the property of the defendant in the execution, such defendant, being an agricultural laborer, owning no lands, and having less than $500 worth of personal property, including the property levied upon. The sheriff returned the property to the defendant as exempted property. The cause of action arose January 1st, 1873.

The sheriff was ruled by the assignee of the plaintiff to show cause why he had failed to make the money; and this appeal is taken from order discharging the rule.

*Mr. R. W. Shand,* for appellant, cited the following authorities: *Cates* v. *Knight,* 3 *T. R.* 442; *Smelt. Lead Co.* v. *Richardson,* 3 *Burr.* 1344; *C. & A. R. R. Co.* v. *People,* 67 *Ill.* 11; *Test Oath Cases,* 2 *Hill* 1, and *Mr. Grimke's argument at p.* 17; *Smith on Const. Law,* § 508; *Cooley on Const. Lim.* 64, 94, *note* 1, 195, *note* 3, and 599.

March 5th, 1879. The opinion of the court was delivered by

WILLARD, C. J. The Circuit Court discharged a rule against the sheriff for failure to enforce an execution against personal property, consisting of cotton in bales, seed cotton and corn, the defendant claiming that they are exempt from levy under the provisions of the act of March 13th, 1872, (15 *Stat.* 229, § 9,) he being an " agricultural laborer." It is stated in appellant's argument, that the contract upon which the judgment was obtained bore date prior to the passage of the act in question, contending that such exemption could not be claimed as against an antecedent contract; but that fact does not appear in the brief, and, therefore, is not available to the appellant. The question to be considered is, whether the legislature could create new subjects of exemption in addition to those enumerated in the constitution. The provisions of the constitution relating to the exemption of personal property from execution, are contained in Article II., Section 32. After providing for a homestead exemption on the land of a debtor, the constitution goes on to say : " To secure the full enjoyment of said homestead exemption to the person entitled thereto, or the head of any family, the personal property of such person of the following character, to wit, household furniture, beds and bedding, family library, arms, carts, wagons, farming implements, tools, neat cattle, work animals, swine, goats and sheep, not to exceed in value, in the aggregate, the sum of five hundred dollars, shall be subject to like exemption as said homestead; and there shall be exempt in addition thereto all necessary wearing apparel." The question is, whether the subsequent attempt to add to the list of articles exempted " one third of the annual products of agricultural laborers" by the act of 1873 was consistent with the provisions of the constitutional enactment, or tended to deny the proper force due to the same;

and if the latter conclusion is reached, such conflicting provisions must be held unconstitutional and void.

This involves a question of intention to be made out constructively on the provisions of the constitution. It is contended that the enumeration of kinds of property intended for exemption is exclusive, and general rules of interpretation are urged as leading to that conclusion. It will not be necessary to resort to such general rules, or to place the decision on any technical rule or reasoning, as the nature of the subject with which the constitution deals, points very distinctly to the solution of the question at issue.

The question of allowing the legislative exemption to debtors is, in its nature, fundamental, as involving an inquiry into the principles of government. Until within a few years it has not been regarded as a legitimate exercise of legislative power to place the property of the debtor beyond the reach of his creditor, except to an inconsiderable extent. Not that the competency of the legislature to make such exemptions independently of constitutional restrictions, was doubted, but because the spirit of the laws was supposed to oppose such exercise of legislative power. It may well be considered that in solving the question of the legitimacy of such legislation, the constitution had in view a limit that should be imposed to its unrestricted exercise. When it is treating of subjects that have been constantly dealt with by legislative bodies, with the sanction of the courts and the community, such an inference does not necessarily arise.

In such cases some special ground would have to appear by inferring, in the absence of an express declaration to that effect, that the constitution, in prescribing the mode in which a power of that class should be exercised, intended to exclude its exercise in any other mode. But in the present case, where the constitution was dealing with a principle fundamental to the policy of our jurisprudence, and which, by its abuse might unsettle the very corner-stone on which that jurisprudence rests, it is obvious that in imposing limits to such power of exemption regard was had to the general question, to what extent government should go in relaxing the laws for the enforcement of obligations. There can be no doubt that the object of the section in question was to

limit the legislature. If the constitution had been silent altogether on the subject, the legislature would have, doubtless, been competent, as affecting future contracts, to create such exemptions, and to give them any measure of extent that might appear desirable.

Again, Article I., Section 20, confers express powers on the legislature to grant homestead exemptions to a reasonable extent, leaving the determination of what is to be regarded as reasonable to the legislature, so far as unfettered by subsequent clauses of that instrument. If that section had stood alone it would leave no doubt as to the power of the legislature being unrestricted. But the constitution was not content with establishing this as a principle, and in Article II., Section 32, assumes to give a more accurate definition of the kind of legislation contemplated in the twentieth section of Article I., enumerating the subjects to which it should extend and the limitations that should be established as affecting these subjects. Such a definition as applied to a kind of legislation not sanctioned at the time of the adoption of the constitution, but introduced by that instrument, must be regarded as intending limitation of the legislative authority. True, it is not the case of a power entirely new and not before capable of being exercised, given upon conditions and subjected to limitations, in which case such conditions and limitations must be regarded as limitations of the right of exercise as well as the mode of exercise; but it is a case within the same principle as calling into exercise a function of general legislation that had lain dormant through the conviction that it was not a legitimate exercise of legislative power consistently with the principles of our jurisprudence. This view leads us to the conclusion that the exemptions allowed by the constitution cannot be extended or restricted by any act of the legislature. This view does not conflict with what was said in *Homestead Building and Loan Association* v. *Enslow*, 7 *S. C.* 20, where, speaking of the degree of authority possessed by the owner of lands in which a homestead might be claimed, to encumber his land, it is said, " whether the legislature had not the right to extend the measures of relief afforded to the heads of families by the section above cited, under a more general grant of legislative authority set forth in Article

I., Section 20, of the constitution, need not be considered, for no such exercise of authority beyond the limits of Article II., Section 32, has been attempted." This is a question suggested, with no answer to it given; but it was not directed to the question whether the legislature could afford relief beyond the limits imposed by the constitution, but a more full relief within those limits. We must conclude that the provisions of the act of 1873, so far as they attempt to extend the exemption to a class of personal property not embraced in Article II., Section 32, are unconstitutional and void. The discharge of the rule must be set aside, and the cause remanded for proceedings conformable herewith.

Motion granted.

McIVER and HASKELL, A. J.'s, concurred.